**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JEANE CARR, | ) |
| | ) |
| Plaintiff, | )    No. 4:05CV00347-RWS |
| v. | ) |
| | ) |
| EXPRESS SCRIPTS, INC | ) |
| | ) |
| Defendant. | ) |

## STIPULATED CONFIDENTIALITY ORDER

Based upon the stipulation of the parties and good cause appearing therefor, IT IS HEREBY ORDERED AS FOLLOWS:

1.    This Confidentiality Order (hereinafter "Order") shall govern and apply to documents and other writings of any type produced during discovery which contain or constitute confidential information, as well as any testimony relating thereto.

2.    "Confidential Information" shall mean all material or information that the producing party in good faith considers to contain or constitute trade secrets, proprietary business information, confidential employee or customer information, other commercially sensitive information; sensitive personal financial information or sensitive personal health information which has been so designated by the producing party.

3.    Any person involved in the above-captioned civil action (the "Civil Action") may designate Confidential Information contained in any documents and materials (and copies thereof) produced, furnished, authored, generated or originated by that person, or testimony related thereto, by marking such documents, material or testimony with the word, "CONFIDENTIAL." Any document or material marked

"CONFIDENTIAL" shall be deemed confidential and shall be disclosed or disseminated only to "Qualified Persons" as defined herein. Qualified Persons shall keep such Confidential Information to themselves and shall not further disseminate or disclose it other than as provided herein. The provisions of this Order shall be applicable to any documents or material marked "CONFIDENTIAL", the information contained therein, testimony related thereto, and to any abstracts, summaries or similar materials prepared from, or based upon, such documents or material which shall also be considered Confidential Information.

4.      Except as hereinafter provided, Confidential Information shall be used only in this Civil Action for purposes necessary to the litigation of claims between plaintiff and defendant.  Confidential Information shall not be used for any commercial, business, competitive or other purposes, or in or for any other judicial or administrative proceedings, disputes, or cases.

5.      No person shall make or permit the making of more copies of any Confidential Information than are reasonably necessary for the litigation of this Civil Action.

6.      Without further order of the Court or stipulation by the Parties, Confidential Information may be disclosed only to "Qualified Persons," defined as follows:

(a) inside and outside counsel for the parties in this Civil Action, including members of such attorneys' staff (e.g., paralegals, legal secretaries and law clerks);

(b) managers or supervisors of Express Scripts, Inc. ("ESI"), who are not required to execute any separate forms but who are understood to be bound by this Order, or non-management employees of ESI who sign the form attached hereto as Exhibit "A" agreeing to be bound by this protective order;

2

(c) consultants and experts retained by a party who sign the form attached hereto as Exhibit "A"; and

(d) the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing trial or deposition in this action or any appeal therefrom.

7.      Before counsel or Plaintiff Pro Se may disclose Confidential information to a Qualified Person, except those referred to in paragraphs 6(a), 6(b), and 6(d), or before a Qualified Person may disclose Confidential Information to another Qualified Person, except those referred to in paragraphs 6(a), 6(b), and 6(d), the disclosing counsel or Qualified Person shall obtain from the Qualified Person who is going to receive such Confidential Information, an executed copy of the Non-Disclosure Certificate attached hereto as Exhibit "A." Anyone who discloses Confidential Information to a Qualified Person, or the counsel who is affiliated with a Qualified Person who discloses Confidential Information to another Qualified Person, shall retain the Qualified Person's original executed Non-Disclosure Certificate pending further order of the Court or for a one-year period following the final termination of this Civil Action.

8.      Before receiving any Confidential Information, a Qualified Person, except those referred to in paragraphs 6(a), 6(b), and 6(d), shall evidence his or her agreement to be bound by the provisions of this Order by executing a copy of the Non-Disclosure Certificate attached hereto as Exhibit "A," and shall retain a copy of this Order and such executed certificate.

9.      In the event a Qualified Person subject to this Order (a) is subpoenaed or served with a demand in another action, or (b) is served with any other legal process by one not a party to this Civil Action, that seeks Confidential Information which was

designated as confidential or produced by someone other than the Qualified Person who receives the subpoena, demand or other legal process, such Qualified Person shall give prompt written notice of the receipt of such subpoena, demand or other legal process to the party or parties who produced or designated the material confidential, object to its production, and shall reasonably cooperate with the party who designated the material as confidential in resisting the efforts of the third parties to obtain such Confidential Information. Nothing herein shall be construed as requiring the Qualified Person from whom the Confidential Information is sought, or anyone else subject to this Order, to challenge or appeal any order requiring production of the Confidential Information protected by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

10.    Counsel for any party may designate deposition testimony or exhibits as Confidential Information by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as confidential. In addition, within 10 days after the receipt of the transcript of the deposition, counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as confidential. To maintain the confidentiality of any deposition testimony or exhibits designated as confidential in accordance with the terms of this Order, the parties' counsel and the court reporter who transcribes the deposition testimony shall make reasonable arrangement, which may include the marking of transcript pages, covers or exhibits, and other measures to limit the availability of Confidential Information to other than Qualified Persons. However, pleadings containing brief quotations from deposition testimony need not be filed with the Court unless such pleadings otherwise contain Confidential Information.

4

11.    No person shall attend those portions of any deposition at which Confidential Information is discussed or utilized as an exhibit, unless such person is a Qualified Person as defined herein and has executed a copy of the Non-Disclosure Certificate attached hereto as Exhibit "A."

12.    Within 30 days of the final determination of this Civil Action, whether by judgment, settlement or otherwise, and including any appeal from a final judgment, any person who is in possession of Confidential Information shall return such Confidential Information (except for that contained in the pleading files of counsel or counsel's work product) to the person who produced it or the person's counsel, or shall destroy it. Written confirmation of such return or destruction shall be forwarded to the person producing such Confidential Information or the person's counsel. Confidential Information contained in counsels' pleadings files or work product shall not thereafter be disclosed to any person or used for any purpose.

13.    If a document, other material or testimony related thereto which a person intends to designate as confidential, is inadvertently disclosed without being marked as confidential in accordance with paragraph 3 of this Order, the failure to so mark the document or other material shall not be deemed a waiver of its confidentiality. If it is understood by the person receiving the document or other material that confidential treatment was intended, the document or other material or testimony should be treated as the person receiving it understands production was intended. When the documents, material or testimony is designated as confidential, all recipients thereof shall take prompt steps to assure that it is marked as confidential, or returned to the person who disclosed it for confidential designation pursuant to paragraph 3 of this Order.

5

14.    If any document or other material subject to any privilege or legal prohibition against disclosure is inadvertently disclosed to a party, the fact of disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure. Upon notification by the person who inadvertently disclosed such document or material, the person to whom it was disclosed shall immediately return it, including any copies thereof, to the person who inadvertently disclosed it, and shall destroy any notes or work product concerning the material; however, the return of such document or material by a party shall not be construed as an admission that a privilege with respect to such document or material in fact exists. If the person to whom such document or material was inadvertently disclosed disagrees with the other person's claim of privilege or legal prohibition against disclosure, that person shall not use such document or material until allowed to do so by Court order. However, the party seeking the return of the document or material shall have the burden of making the motion to establish entitlement to its return. Unless otherwise agreed, the motion shall be made within ten (10) days of the time the party who inadvertently made the disclosure first gives notice of the inadvertent production to the party to which inadvertent disclosure was made.

15.    Prior to the use at any pretrial hearing in this Civil Action of any Confidential Information, counsel who desires to use such Confidential Information shall take reasonable steps to afford opposing counsel the opportunity to object to disclosure of Confidential Information in open Court.

16.    This Order shall survive the final conclusion of this Civil Action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Order, to enforce this Order.

6

17.   All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after a hearing, deems just.

18.   Any of the requirements herein may be modified or waived, in whole or in part, but only by a writing signed by the party or counsel of record for the party against whom such modification or waiver will be effective.

19.   This Order is without prejudice to the right of any party to apply to the Court at any time for additional protection. This Order is also without prejudice to the right of any party to apply to the Court for a determination that information designated as confidential is not entitled to protection. The parties shall conference and negotiate in good faith to resolve such differences before filing a motion with the Court for protection, modification, or permission to disclose Confidential Information in any manner or to any person(s) other than as provided herein.

RODNEY W. SIPPEL
U.S. District Court Judge

APPROVED:

Jean M. Carr
Plaintiff Pro Se
4338 Cranford Drive
St. Louis, MO 63121
Telephone: (314) 383-8371

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:
Charles J. Vigil
Attorneys for Defendant
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
FAX: (505) 768-7395
cvigil@rodey.com

7